UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| VELODY ROBINSON | CIVIL ACTION NO. 11-836 |
| VERSUS | U.S. DISTRICT JUDGE TRIMBLE |
| WAL-MART LOUISIANA, LLC, *et al* | U.S. MAGISTRATE JUDGE KIRK |

MEMORANDUM RULING

Before the court is plaintiffs' motion to remand, **Doc. #11**, referred to me by the district judge for report and recommendation. This suit is filed by plaintiff against plaintiff's former employer, Wal-Mart Louisiana, LLC (Wal-Mart)  in which plaintiff claims damages for having been accused of theft from the company, false arrest, defamation and wrongful termination. Wal-Mart timely removed the case to this court claiming that the complaint "raises federal questions under the Fifth and Fourteenth Amendments of the United States Constitution . . .". Plaintiff filed the instant motion for remand asserting that she is claiming no relief under federal law, that she is master of her claim and that she expressly sued under Louisiana law.

<u>Federal Question Jurisdiction</u>

<u>The well-pleaded complaint</u>

Federal law provides that the party who brings suit is master of what law is invoked. See <u>The Fair v. Kohler Die & Specialty Co.</u>, 33 S. Ct. 410 (1913). The well-pleaded complaint doctrine provides that federal question jurisdiction exists only when "there appears on the face of the complaint some substantial disputed question of federal law."  See <u>Carpenter v. Wichita Falls Independent School District</u>, 44 F.3d 362 (5th Cir. 1995).  Whether federal question jurisdiction

exists in a removed case is based on the allegations of plaintiff's "well-pleaded complaint." Caterpillar, Inc. v. Williams, 107 S. Ct. 2425 (1987).  This rule requires that the federal question be evident from the complaint and not arise from any defense the defendant might raise to defeat the cause of action. Therefore, "even though a federal claim is available to a plaintiff, if a plaintiff chooses not to assert that federal claim, then the defendant cannot remove the claim to federal court on the basis of a possible asserted claim."  See Carpenter, supra.

Jurisdiction of a federal court extends only to those cases in which a well-pleaded complaint establishes either that a federal law created the cause of action,  or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.  Christianson v. Colt Indus., 108 S.Ct. 2166 (1988).

There are, however,  exceptions to the well-pleaded complaint rule. One exception is the artful pleading doctrine which applies where a plaintiff purposefully obfuscates the federal question and artfully pleads what should be a federal claim in state law terms solely to defeat removal. Another exception to the well-pleaded complaint rule applies where there exists complete preemption by federal law. Caterpillar, 107 S.Ct. at 2430. A complaint creates federal question jurisdiction when it states a claim created by the Constitution or laws of the United States or where it states a cause of action created by state law and a substantial federal question is an essential element necessary to decide the case. Howery v. Allstate Ins. Co., 243 F.3d 912 (5th Cir. 2001).

Plaintiff's state court petition asserts state law claims for false arrest, false imprisonment, wrongful termination, defamation and also claims that the defendants, Wal-Mart and two of its employees, deprived plaintiff "of her freedom from unreasonable arrest, search and seizure, freedom from warrantless arrest, and denial of due process of law."

2

It is on that basis that Wal-Mart removed the case. However, a review of the "well pleaded" complaint" (petition) shows that no federal claims were raised.  Indeed, the petition specifically states that the claims made are under Louisiana law and its Constitution. No substantial federal question is an essential element necessary to decide the case and this is not a case where plaintiff engaged in artful pleading to avoid federal jurisdiction.

<u>Removal under federal question jurisdiction</u>

The defendants removed this case to federal court on the basis that the U.S. District Court has "original jurisdiction by virtue of the fact that this case is one to recover damages under the Constitution and Laws of the United States for the protection of Civil Rights (28 U.S.C. §§ 1331, 1343)" and alleging this cause was "specifically removable... pursuant to law, particularly the provision of 28 U.S.C. § 1443."

Section 1443, "Civil Rights Cases," states:

"Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

"(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

A removal petition under 28 U.S.C. s 1443(1) must satisfy a two-pronged test. First, it must appear that the right allegedly denied the removal petitioner arises under a federal law "providing

for specific civil rights stated in terms of racial equality." <u>Johnson v. Mississippi</u>, 421 U.S. 213, 219, 95 S.Ct. 1591, 1595 (1975), citing <u>Georgia v. Rachel</u>, 384 U.S. 780, 792, 86 S.Ct. 1783, 1790 (1966). Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice.  Second, it must appear, in accordance with the provisions of s 1443(1), that the removal petitioner is "denied or cannot enforce" the specified federal rights "in the courts of (the) State." <u>Johnson v. Mississippi</u>, 421 U.S. at 219, 95 S.Ct. at 1595, and cases cited therein.  Also, <u>State of Tex. v. Gulf Water Benefaction Co.</u>, 679 F.2d 85 (5th Cir. 1982)  Since neither Wal-Mart's removal petition nor plaintiff's complaint alleges the denial of a right arising "under a federal law providing for specific rights stated in terms of racial equality," removal pursuant to Section 1443(1) is inappropriate.

A removal pursuant to Section 1443(2) is available only to federal officers and to persons assisting such officers in the performance of their official duties.  <u>City of Greenwood, MS v. Peacock</u>, 384 U.S. 808, 86 S.Ct. 1800 (1966). Also, <u>Florida-Vanderbilt Dev. Corp. v. Matthews</u>, 454 F.2d 194, 195 (5th Cir. 1972), cert. den., 409 U.S. 861, 93 S.Ct. 148 (1972).  Since the defendants in this case are not federal officers, they may not remove this case pursuant to Section 1443(2).

For the foregoing reasons, I find that removal was improper and, therefore,

IT IS ORDERED that this case is remanded to the 9th Judicial District Court, Parish of Rapides, State of Louisiana. However this Order is STAYED for a period of ten days to allow an appeal to the District Judge. In the event an appeal is timely filed, remand is ordered STAYED until such time as the District Judge rules or until further orders of a Judge of this court.

4

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 12th day of April, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

5